FRED L. EMMONS, INCORPORATED, et al., complainants,

*v.*

UNION INDEMNITY COMPANY, defendant-respondent; UNITED
    STATES OF AMERICA FOR THE USE AND BENEFIT OF DU-
    ART FILM LABORATORIES, INCORPORATED, a corporation,
    claimant-appellant.

[Decided September 27th, 1934.]

On appeal from an order of the court of chancery advised
by Vice-Chancellor Stein, who filed the following opinion:

"This is an appeal by the Du-Art Film Laboratories, Incor-
porated, from the determination by the receiver of the Union
Indemnity Company, wherein the receiver decided that the
claim filed by Du-Art Film Laboratories, Incorporated, for
$5,959.88 against the Union Indemnity Company, is not
entitled to priority in any amount, but allowed the claim to
the extent of $5,000 as a general claim. The appeal is
directed solely to the propriety of the receiver's disallowance
of the claim as a priority.

"The claim of Du-Art Film, Incorporated, arises out of an
agreement wherein United States Film Laboratories, Incor-
porated, agreed to furnish and deliver to the department of
agriculture of the United States, motion picture films and
prints.

"United States Film Laboratories, Incorporated, as principal, and Union Indemnity Company, as surety, executed a bond to the United States, the condition of which bond, in part, was that the United States Film Laboratories, Incorporated, would promptly make payment to all persons supplying labor and materials contemplated by the said agreement. The bond was written pursuant to provisions of United States Code Annotated, title 40, section 270. *U. S. Code 3*, § *270*.

"Du-Art Film Laboratories, Incorporated, delivered motion picture title films and prints to the United States Film Laboratories, Incorporated, as did also Malcolm Laboratories Corporation and Filmlab, Incorporated, who assigned their claims to Du-Art Film Laboratories, Incorporated. The aggregate claim filed was $5,959.88.

"United States Film Laboratories, Incorporated, was adjudged insolvent by the court of chancery of New Jersey and Samuel Stern was appointed its receiver by the court.

"Du-Art Film Laboratories, Incorporated, on November 8th, 1932, commenced its suit in the United States district court for the district of New Jersey, making the United States for the use and benefit of Du-Art Film Laboratories, Incorporated, plaintiff, and Union Indemnity Company and Samuel Stern, receiver of United States Film Laboratories, Incorporated, defendants, to recover on the bond.

"The Union Indemnity Company was adjudged insolvent by the court of chancery of New Jersey and Jacob L. Newman was appointed its receiver, having examined into the facts and having determined that Du-Art Film Laboratories, Incorporated, had a just and provable claim against the estate of Union Indemnity Company, he suggested that petitioner file its proof of claim with him, which the petitioner did, claiming a preference. Thereupon the receiver notified the petitioner that he allowed its claim as a general claim to the extent of $5,000 and not as a preferred claim.

"The petitioner's claim to priority is based upon title 31 of the United States Code Annotated, paragraph 191, which provides as follows:

" 'Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed. *R. S.* § *3466.*'

"In order to be entitled to priority under this statute, it seems to me to be clear that the debt must be 'a debt due to the United States.' It does not appear that the United States has any beneficial interest in the matters involved in the proof of claim filed. The terms of the bond, so far as the facts before me show, had been fully performed in so far as the department of agriculture was concerned. The only interested parties were the companies who had furnished work and materials in completing the films. The suit was brought in the name of the United States for the benefit of the companies involved, and indeed this is the only way suit could be brought under the United States Code Annotated, title 40, section 270. *U. S. Code 3* § *270.* But the mere right given by the statute to bring the suit in the name of the United States does not mean that the United States has any claim against the funds in the hands of the receiver of Union Indemnity Company. The United States has no provable claim against these funds.

"In *Florida Bank and Trust Company of West Palm Beach* v. *Union Indemnity Co. et al., (Circuit Court of Appeals, Fifth Circuit), 55 Fed. Rep. (2d) 640,* the Union Indemnity Company was surety on a bond given by the bank to secure the United States against deposits in the bank of funds of bankrupt estate. The bond was made to the United States. The principal on the bond, the bank, failed and the Union Indemnity Company was obliged to make good the amounts of the deposits to the bankrupt estates. The Union Indemnity Company in that suit claimed that having paid the amounts of the deposits to the bankrupt estates, it was entitled to a pre-

ferred claim on the assets of the bank in the hands of the liqui-
dator as though the claim was a debt due the United States,
under section 191 of title 31 of the United States Code Anno-
tated, quoted above, and under section 193 of title 31 of the
United States Code Annotated, which subrogates sureties who
have paid moneys to the United States to the right of the
United States. The court held:

" 'For a debt to be entitled to the priority given by the
first set out statute, it must be one "due to the United States."
The fact that the bonds, as required by statute, were made "to
the United States," did not have the effect of making all debts
secured thereby "debts due to the United States." Such bonds
secure debts not due or payable to the United States, and
"may be sued upon in the name of the United States for the
use of any person injured by a breach of their conditions."
*11 U. S. C. A.* § *78; Illinois Surety Co.* v. *Peeler, 240 U. S.*
*214, 224; 36 S. C. 321; 60 L. Ed. 609.* It did not appear
that the United States had any beneficial interest in the funds
deposited in the failed bank to the credit of trustees and
receivers of bankrupt estates, or that any of those funds were
properly payable to the United States. The United States,
having no beneficial interest in the moneys deposited, was not
financially injured by a breach of the conditions of the bonds
in question.'

"Petitioners rely chiefly upon *Bramwell* v. *United States*
*Fidelity Co., 269 U. S. 483,* in which it was decided that a
bank became indebted to the United States as a result of the
deposit with it by the superintendent of an Indian reservation
of Indian moneys, individual and tribal, which moneys the
United States, as guardian of the Indians, was entitled to
possess and distribute.

"The facts in the instant case clearly distinguish it from
the case of *Bramwell* v. *United States Fidelity Co., supra.*

"The determination of the receiver is affirmed, and the
petition will be dismissed."

*Messrs. Platoff, Saperstein & Platoff (Mr. David Saper-*
*stein* and *Mr. Clement Rosen,* of counsel), for the claimant-
appellant.

*Messrs. McDermott, Enright & Carpenter,* for the defendant-respondent.

PER CURIAM.

The order appealed from will be affirmed, for the reasons stated in the opinion filed in the court of chancery by Vice-Chancellor Stein.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.   14.

*For reversal*—None.